IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TYRONE HENRY, #352-866
        Plaintiff
    v.                               *    CIVIL ACTION NO. DKC-10-1055

PHILLIP J. MORGAN, et al.,
        Defendants
                                      ***

**MEMORANDUM OPINION**

Pending is a Motion to Dismiss or for Summary Judgment filed on behalf of Defendants Warden J. Philip Morgan, Captain Robert Tichnell, Lieutenant Marc C. Whiteside, Case Management Specialist II Tennille Winters, and Hearing Officer Dave Sipes. ECF No. 15. Plaintiff has not responded.[1] Upon review of papers and exhibits filed, the court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2010).

**Background**

Plaintiff alleges in his verified complaint that on June 2, 2009, he met with Defendant Winters who advised him that he was being reassigned from his dietary job due to poor work performance. Plaintiff claims that this action was based on a false report. He states that at this meeting he denied the allegation of poor work performance and asked Winters whether the allegation would prohibit him from receiving parole. He also asked Winters whether she would

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on September 21, 2010, Plaintiff was notified that Defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. ECF No. 16. Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the court. *Id* Thereafter, Plaintiff twice requested appointment of counsel. ECF Nos. 17 & 19. In denying the requests, the court granted Plaintiff additional time to file any opposition. ECF Nos. 18 & 20. As of the within signature date, Plaintiff has failed to respond.

recommend him for parole and was advised that she would not. Plaintiff states he left Winters' office without any further comment. ECF No. 1.

On June 11, 2009, Plaintiff had his parole hearing. He was granted parole subject to his completion of substance abuse treatment and with the caveat that he not receive any infractions during the remainder of his incarceration. On June 15, 2009, Winters "claimed to have received an inmate request form with no signature." In response to this document, Winters wrote a Notice of Inmate Rule Violation against Plaintiff which Plaintiff claims was "full of trumped up charges." The same date Defendants Whiteside and Tichnell signed the Notice of Rule Violation without conducting any additional investigation. *Id*.

Plaintiff claims that at his June 22, 2009, disciplinary hearing, Defendant Sipes denied Plaintiff's request to call witnesses, confront his accuser, and require handwriting analysis of the note. Thereafter, Defendant Morgan denied Plaintiff's appeal of the hearing officer's actions, and placed Plaintiff on sixty (60) days of cell restriction as an additional sanction consecutive to that imposed by the hearing officer. Morgan also denied Plaintiff the "right to sign and date the post incident review form." *Id*.

Plaintiff states that throughout this time he did not use vulgarity or act aggressively toward Defendants. He further alleges that Defendants Whiteside, Tichnell, Sipes and Morgan all failed to take corrective action during the course of his disciplinary proceedings. *Id*.

The record demonstrates that Tennille Winters, Plaintiff's Case Management Specialist, was familiar with Plaintiff's handwriting due to his frequently writing to case management. In early June, 2009, Winters met with Plaintiff to prepare his parole summary in anticipation of his upcoming parole hearing. On June 2, 2009, Winters advised Plaintiff that he was being terminated from his

dietary job due to suspicions that he had been fighting with another inmate. ECF 15, Ex. A & B, p. 22-25. She says that Plaintiff argued with her regarding the termination. Winters advised Plaintiff that the decision was made by the dietary department, not her, and that she was simply the messenger. Plaintiff continued to argue with Winters at which point Winters terminated the meeting. As Plaintiff departed he asked Winters what she had recommended concerning his parole. Winters informed Plaintiff she recommended that parole be denied. Winters contends that Plaintiff became angrier. *Id*.

Winters avers that approximately one week later she passed Plaintiff on the compound. Plaintiff stared her down and glared angrily at her. Winters felt threatened by Plaintiff's demeanor; however, Plaintiff passed Winters without incident. *Id*.

On June 15, 2009, Winters received an unsigned letter which read: "Fuck you and your opinion!!! I made parole you fat bitch, I was considering smacking the shit out of you on the compound." Winters recognized the handwriting as Plaintiff's. *Id*., Ex. A & B, p. 102. Winters subsequently learned that on June 11, 2009, the parole board had recommended Plaintiff receive a delayed release after completing a designated program, which is considered "making parole." *Id*., Ex. A. Based upon this information, Winters prepared a notice of infraction charging Plaintiff with violating rules 104 (threatening language) and 405 (disrespect). *Id*.

The notice of rule infraction was reviewed by Defendant Whiteside who determined that a formal hearing should be conducted. Plaintiff was placed on administrative segregation pending the hearing. *Id*., Ex. B, p. 89. The notice was also reviewed by Captain Tichnell who approved Whiteside's recommendation. Notice was served on Plaintiff by Officer Shockley. Plaintiff refused to sign to acknowledge service. *Id*.

On June 22, 2009, a hearing was held. Copies of papers with samples of Plaintiff's handwriting were not in the record and Hearing Officer Sipes postponed the hearing at Plaintiff's request. *Id.*, Ex. B, p. 90-95. On June 25, 2009, the hearing reconvened. Plaintiff waived representation by another inmate as well as the calling of witnesses. *Id.*, p. 96. Plaintiff maintained that the writing on the note was not his and that Winters wrote the notice of infraction in order to exact revenge because he made parole. *Id.*, p. 97. Sipes found it more likely than not Plaintiff wrote the threatening letter and the notice of infraction was reliable and credible. Plaintiff was found guilty of both rule violations and sentenced to 120 days of disciplinary segregation for the rule 104 violation and 60 days of disciplinary segregation for the Rule 405 violation, with the sentences to be served consecutively. *Id.* p. 98-99.

Plaintiff's appeal of the hearing officer's decision was denied by Warden Morgan. *Id.*, p. 107-109. Plaintiff's infraction was reviewed by the Reduction in Violence Committee,[2] which recommended an additional sanction of 60 days of cell restriction consecutive to the disciplinary segregation sentence. Warden Morgan approved the recommendation. *Id.*, p. 86-88.

**Standard of Review**

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

---

[2] The RIV developed by the Division of Correction to reduce incidents of inmate violence, permits imposition of additional sanctions to those already imposed through the adjustment process. One such sanction allows the RIV to order restrictions on housing. ECF No. 25. Ex D.

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

**Due Process in Disciplinary Hearings**

In prison disciplinary proceedings which bring the possible loss of good conduct credits, a prisoner is entitled to certain due process protections. *See Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). These include advance written notice of the charges against him, a hearing, the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision. *Wolff*, 418 U. S. at 564-571. Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent,*

5

*Mass. Correctional Institute v. Hill*, 472 U.S. 445, 455 (1985).

Plaintiff received all the process he was due. He was given timely advance written notice of the infraction and was permitted to attend the disciplinary hearing. He received a postponement of his disciplinary hearing in order that his request for a comparison of his handwriting could be obtained. He declined to have an inmate representative or call witnesses. He received written findings of the hearing officer. The hearing officer's determination of guilty findings was based upon some evidence, i.e. review of Plaintiff's testimony, physical evidence and the written record, upon which the hearing officer based determinations as to credibility and demeanor. Moreover, Plaintiff was not sanctioned with the loss of good conduct credits.

To the extent Plaintiff maintains that the additional sixty days of cell restriction imposed by the RIV violated his right to due process, his claim fails. There is no additional procedural due process requirement on sentences imposed after a prison disciplinary guilty finding or a review and alteration of a sentence imposed after such a finding. *See Wolf,* 418 U.S. at 563. Simply stated, Plaintiff was not entitled to additional procedural protections in order for the RIV to review the adjustment proceedings. The RIV did not revoke any good conduct credits and thus did not lengthen the amount of time Plaintiff must serve. Rather, the RIV simply imposed a limited cell restriction upon Plaintiff, an assignment which does not impose an atypical or significant hardship in relation to the ordinary incidents of prison life.

Nor did the cell restriction violate Plaintiff's liberty interest. In general, prisoners do not have a constitutional right to demand to be housed in one prison verses another. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224

(1976). Under the Supreme Court's pronouncement in *Sandin v. Conner*, 515 U.S. 472 (1995), the focus on mandatory language in prison regulations was rejected. A liberty interest may be created when state action imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" without regard to mandatory language in prison regulations. *Id.* at 484. Thus, the due process inquiry must focus on the nature of the deprivation alleged and not on the language of particular prison regulations. *Id.* Following the reasoning of the Supreme Court in *Sandin*, the Fourth Circuit held that a liberty interest is not implicated when inmates are placed on administrative segregation, because upon comparison with those conditions they would expect to experience as an ordinary incident of prison life, it does not constitute an atypical and significant hardship. *See Beverati v. Smith*, 120 F.3d 500, 502-04 (4th Cir. 1997); *Reffitt v. Nixon*, 917 F. Supp. 409, 413 (E.D. Va. 1996). In *Beverati*, the Fourth Circuit, in affirming the decision of this court, held that Beverati's placement in administrative segregation did not comparatively constitute the type of hardship necessary to give rise to a liberty interest in avoiding such placement. *See Beverati*, 120 F.3d at 503. This court finds that there is nothing in the record which shows that the nature of Plaintiff's assignment to cell restriction comprised the atypical hardship contemplated by *Sandin* or *Beverati*. The limited restriction imposed here does not implicate a liberty interest.

**Retaliation**

Plaintiff claims that Winters "trumped up charges" against him in retaliation for his having been granted parole. In order to prevail on a claim of retaliation, Plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). "'A complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleading alone.'" *Gill*

7

*v. Mooney,* 824 F.2d 192, 194 (2nd Cir. 1987) (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2nd Cir. 1983)); *Pierce v. King*, 918 F. Supp. 932, 945 (E.D. N.C. 1996) (conclusory allegations of retaliation insufficient to state claim). Plaintiff offers nothing in support of his claim other than self-serving conclusory statements. Nothing in the record suggests that Winters acted in the manner alleged. "In the prison context, we treat [claims of retaliation] with skepticism because 'every act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." *Cochran v. Morris*, 73 F.3de 1310, 1317 (4th Cir. 1996). Winters is entitled to summary judgment.

## Conclusion

In light of the above analysis, Defendants' dispositive motion, treated as a Motion for Summary Judgment shall be granted as to all claims. A separate Order follows.


Date: __June 29, 2011__                                   __/s/__
                                                          DEBORAH K. CHASANOW
                                                          United States District Judge